## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine Garcia<br><br>_____Debtor_____ | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as<br>trustee of Stanwich Mortgage Loan Trust A<br>_____Movant_____<br>vs. | NO. 15-12609 JKF |
| Katherine Garcia<br><br>_____Debtor_____ | |
| Scott Waterman<br><br>_____Trustee_____ | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     It is ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is GRANTED and the Automatic Stay of all proceeding, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362, is modified with respect to the subject premises located at 137 E. Watson Avenue, Langhorne, PA 19047 ("Property"), as to Movant, its successors or assignees subject to the following:

2.     Debtor has been approved for a six (6) month trial modification plan with payments due on the 1st of each month commencing with February and ending with July.

3.     Movant agrees to stay all actions against Debtor and the Property to allow Debtor the opportunity to complete the trial modification plan, the terms of which are incorporated herein by reference.

4.     In the event the default occurs on any of the six (6) month trial modification payments, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and

waiving the stay provided by Bankruptcy Rule 4001(a)(3).  Default will be declared on the first day of the month following a month wherein a payment was not made by Debtor.

5.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 31, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date:_____

Paul H. Young, Esquire
Attorney for Debtor

Date:__2/21/2019_____

/s/ Polly A. Langdon, Esq., for
Scott Waterman
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2019.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon